STANDARD SURETY AND CASUALTY COMPANY OF NEW YORK, Appellant, *v.* MARYLAND CASUALTY COMPANY et al., Respondents, et al., Defendants.

Fourth Department, March 4, 1953.

*Lewis C. Ryan* and *Morris Berman* for appellant.

*Sidney B. Coulter* for Maryland Casualty Company and another, respondents.

*Richard N. Ames* for Rupert L. Weedon, respondent.

W HEELER, J.   This is an appeal from a declaratory judgment, upon stipulated facts, dismissing the complaint as against the respondents.   The action was brought by the appellant, Standard Surety and Casualty Company (hereinafter referred to as " Standard Surety "), for a determination of the rights and liabilities of the parties and their insurers growing out of an accident in which respondent Rupert L. Weedon was injured. The appellant has admitted its liability under its policy issued to Dan-Bar Contracting Co., Inc. (hereinafter referred to as " Dan-Bar "), and seeks indemnification or, in the alternative, contribution from Maryland Casualty Company (hereinafter referred to as " Maryland ") under the policy issued by the latter to the owner of a motor vehicle, one Carpenter.

At the time of the injury to Weedon, Dan-Bar, the owner of a power shovel, was using a motor truck and trailer owned by respondent Fred Carpenter, doing business as Carpenter Trucking Company (hereinafter called " Carpenter "), and covered generally under an automobile liability policy issued by Maryland.   The appellant was Dan-Bar's public liability carrier, insuring Dan-Bar against liability arising out of its operations.   Dan-Bar's employee, Polmanteer, started to drive the shovel, under its own power, off Carpenter's truck and trailer, which had carried the shovel to and was stopped upon Dan-Bar's premises.   In the process of unloading the shovel, Carpenter's employee, Weedon, who was standing beside the trailer, was injured.   It is stipulated that Weedon was free from contributory negligence, that he was an employee of Carpenter at all times, and was engaged in the business of Carpenter at the time of the injury.   It is also stipulated that

Polmanteer was at all times the employee of Dan-Bar, that he was not at any time an employee of Carpenter, and that at the time of the accident he was engaged in the business of Dan-Bar and had sole charge of unloading the shovel from the trailer. Weedon instituted action against Dan-Bar and its employee for damages resulting from the alleged negligence of Polmanteer.

Pursuant to its public liability policy issued to Dan-Bar, Standard Surety was bound to protect Dan-Bar from liability arising out of the operations of its insured. Standard Surety did not insure Dan-Bar's employees. The policy contained the usual clause subrogating Standard Surety to Dan-Bar's rights after indemnification. This would, of course, subrogate Standard Surety to Dan-Bar's right of action, if any, against Maryland or Polmanteer, or both.

Upon the institution of Weedon's action, the appellant Standard Surety assumed the defense of its assured, Dan-Bar, and in turn made demand upon the Maryland Casualty Company to assume the defense of Dan-Bar and to pay the judgment, if any, obtained by Weedon against Dan-Bar. Maryland refused. Polmanteer also requested Maryland to pay any judgment by Weedon against him; Maryland again refused. Standard Surety then brought this action for a declaratory judgment to determine that Maryland had the sole obligation of defending Dan-Bar and Polmanteer in the negligence action instituted by Weedon, and the sole obligation of paying any judgment in favor of Weedon against either or both.

Appellant's theory of liability of Carpenter's carrier, Maryland, is, of course, predicated upon the fact that Dan-Bar and Polmanteer were permitted users of the vehicle, and as such were insured under the automobile liability policy issued by Maryland to the owner of the vehicle. It is unquestioned that under Carpenter's policy with Maryland, Dan-Bar (as well as Polmanteer, its employee) was indemnified as a permitted user, as the Maryland policy contemplates such coverage. Maryland undertakes " To pay on behalf of the *insured* all sums which the *insured* shall become obligated to pay by reason of the liability imposed upon him by law for * * * injury * * * sustained by *any person* * * * arising out of the ownership, maintenance or use of any automobile.", and to " defend in his name and behalf any suit against the *insured* alleging such injury ". (Italics supplied.) " Insured " is particularly defined by the contract: " The unqualified word ' insured ' wherever used includes not only the named insured but also

any person while using an owned automobile or a hired automobile ❊ ❊ ❊ provided the actual use is with the permission of the named insured ''. Thus, had Dan-Bar no public liability insurance, it seems evident that Maryland would have had to defend Dan-Bar had a person unconnected with either the owner (Carpenter) or user of the vehicle been injured as a result of the negligent act of Dan-Bar through its employee. In other words, under the Maryland policy, Dan-Bar and Polmanteer were insureds.

However, Maryland claims that although Dan-Bar and Polmanteer may have been insured, the risk involved here was not covered by the policy, being specifically excluded therefrom. The Maryland policy, under '' EXCLUSIONS,'' categorically provides that

'' This policy does not apply: ❊ ❊ ❊

'' (d) under Coverage A [personal injury], to bodily injury to ❊ ❊ ❊ any employee of *the insured* while engaged in the business ❊ ❊ ❊ of the insured ''. (Italics supplied.)

It is upon the above clause excluding injuries to employees from the application of the policy that Maryland primarily rests its refusal to defend, or pay any judgment against, Dan-Bar in the action brought by Weedon.

The first question is whether or not Maryland must defend and indemnify Dan-Bar and Polmanteer against claims arising out of the stipulated injuries. The second question is that of the respective or proportionate liabilities of the two insurers. In addition to the allegations set forth above, the complaint alleges that the Maryland policy is the primary policy for the payment of any judgment in favor of Weedon. Not mentioned in the complaint is the subrogation clause in the Maryland policy which would entitle Maryland to be likewise subrogated to Dan-Bar's rights against Polmanteer or Dan-Bar's public liability insurer. The obvious complications arising from these allegations are important only in the event the plaintiff is successful in overcoming Maryland's defense that its policy specifically excluded the injury here.

Returning to the first problem, the effect of exclusion clause '' (d) '' in the Maryland policy, we find no precedent in this State. Appellant has urged that this court should adopt the interpretation of this clause which has been enunciated by the Wisconsin Supreme Court in *Sandstrom* v. *Estate of Clausen* (258 Wis. 534) and followed in *McMann* v. *Faulstich* (259 Wis. 7). The Wisconsin view of an exclusion clause nearly identical

with that contained in the policy under consideration, is that " the insurer and the named insured have agreed that the latter shall not have insurance against claims brought by his own employees against him." (*Sandstrom* v. *Estate of Clausen, supra,* p. 537.) Should we adopt this interpretation, the " omnibus coverage " provisions of the Maryland policy would extend the same protection to the additional, or unnamed insured. Thus, in the case before us Maryland should spring to the defense of Dan-Bar and Polmanteer in the action commenced by Weedon because Weedon was not an employee of either. We have not been so persuaded.

The exclusion clause was inserted in the policy for the benefit of the insurer, and, while we do not lose sight of the canon that the policy should be construed in favor of the insured, we believe the clause should not be so narrowly interpreted as to render it practically meaningless to the insurer. The purpose of the exclusion clause is to exclude certain risks or probabilities of injury which the insurer considered too great to cover. One of these risks was " bodily injury to   *   *   *   any employee of the insured ". The *risk* was not that an injured employee of an insured would sue or otherwise claim against his own employer, but that the employee of any user of the " insured " vehicle would be *injured*. The exclusion clause is concerned with the hazards to which the policy did not apply and it should be interpreted in terms of the injuries to be excluded, not in terms of the persons who are to be indemnified. This latter consideration is the concern of policy clause entitled " Definition of ' Insured.' "

The Wisconsin construction urged here completely emasculates the significance of the exclusion provisions as far as the insurer is concerned. If we adopt the reasoning of the Wisconsin court and read into the exclusion clause the limitation of that clause measured by situations arising *after* the injury (where the claim is brought against the injured's employer), we are in effect holding that the insurer has agreed not to defend or indemnify the named insured against claims arising out of injuries to his employees, but that the insurer will defend another insured against that very risk. To state the proposition is to recognize its fallacy. If not wholly inconceivable, it is certainly not reasonable that the insurer even remotely contemplated that its liability for the very risk excluded would depend upon the choice by the injured employee of the party to be made defendant.

The words used in the exclusion clause are not ambiguous; the parties went to the trouble in another clause of the policy to avoid any ambiguity in their use of the unqualified word " insured " by particularly and precisely defining the same. For the reasons indicated, it is apparent that the unqualified term " insured " was employed purposefully and advisedly in the exclusion clause. Therefore, we would not be justified in qualifying the meaning of that term as agreed upon between the parties.

We conclude that the subject clause excludes from coverage injuries to the employees of any of the insured while engaged in the business of the insured. It follows that Maryland is not liable to defend or indemnify any of the insured against the injury stipulated here and, a fortiori, that Standard Surety, either standing in the place of Dan-Bar or having rights as subrogee against Polmanteer, cannot compel Maryland to indemnify Standard Surety. The complaint was, therefore, properly dismissed as against the respondents.

As this determination renders academic the second problem posed by the pleadings and stipulated facts, we do not pass upon that question.

Present — TAYLOR, P. J., McCURN, VAUGHAN, KIMBALL and WHEELER, JJ.

Judgment affirmed, with costs. [See *post,* p. 1069, 1075.]