STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. THE EMPLOYERS' FIRE INSURANCE COMPANY; ANDY FOPPE, INC; ANTHONY F. BYRNES AND FRANCIS RYCK.

(Filed 13 December, 1961.)

**Insurance § 57—**

A garage liability policy which expressly excludes from coverage employees of insured does not cover the liability of a prospect driving the car with insured's consent for negligent injury to an employee of the insured riding in the car with the prospect to demonstrate the vehicle, even though the prospect is an additional insured under the provisions of the policy and the policy contains a severability of interests clause.

APPEAL by plaintiff and defendant Ryck from *Patton, J.,* regular June 5, 1961, A Term, MECKLENBURG Superior Court.

The plaintiff State Farm Mutual Insurance Company, (hereafter called State Farm) instituted this civil action to have the court by declaratory judgment determine the rights and liabilities of the parties for the personal injuries suffered by Anthony F. Byrnes as a result of the negligent operation of a 1959 Nash automobile owned by the defendant Andy Foppe, Inc., (hereafter called Foppe) and driven by John Francis Ryck. At the time of the accident Ryck held an automobile indemnity insurance policy in which the plaintiff agreed to indemnify him against loss by reason of his operation of his 1953 Oldsmobile, or a non-owned automobile if used with the owner's consent. The policy provided that in case of a non-owned automobile the coverage should be excess insurance.

The accident occurred on May 9, 1959, while Ryck was driving a new Nash automobile owned by Foppe. Riding with Ryck and demon-

strating the automobile was Anthony F. Byrnes. In the course of the demonstration Ryck lost control and had an accident in which Byrnes was injured At the time of the injury Byrnes was acting in the scope of his employment and engaged in the discharge of his duties as Foppe's employee. Byrnes filed a claim against Foppe and was paid workmen's compensation by Foppe, or by Foppe's industrial insurance carrier.

Byrnes instituted a civil action in the superior court against Ryck to recover damages for the injury. Ryck called on State Farm to defend the action and to discharge the liability. State Farm instituted this action for declaratory judgment as to the rights and liabilities of the parties, including Employers' Fire Insurance Company (hereafter called Employers). At the time of the injury Foppe was the insured in a garage liability policy by which Employers' obligated itself to pay all sums within its limitations (subject to the exclusions) which the insured should be obligated to pay as damages because of injury resulting from the ownership, maintenance or use of any automobile in connection with the insured's business. Under the heading "Exclusions," appears the following: "This policy does not apply (d) under coverage A (bodily injury) and C (medical treatment for the injury) to bodily injury to or sickness, disease or death of any employee of the insured while engaged in the employment of the insured: (e) under Coverage A, to any obligation for which the insured or any company as his insurer may be held liable under any workmen's compensation law." The policy appears to contain a severability of interests clause.

The foregoing is the substance of the stipulations of the parties upon the basis of which Judge Patton entered the following judgment:

"NOW, THEREFORE, IT IS ORDERED, ADJUDGED, DECREED AND DECLARED:

"1. The Employers' Fire Insurance Company has no obligation to John Francis Ryck to defend the action commenced against him and pending in the Superior Court of Mecklenburg County, North Carolina, by Anthony F. Byrnes or to pay all or any part of any Judgment which may be rendered in such action, and neither the said John Francis Ryck nor any other party to this action has any claim, existing or potential, against The Employers' Fire Insurance Company arising out of or attributable to injury and damage sustained by Anthony F. Byrnes in the collision in which he was involved on May 9, 1959, and referred to above.

"2. The Employers' Fire Insurance Company has no obligation, existing or prospective, to pay State Farm Mutual Automobile

Insurance Company all or any part of such sums as State Farm Mutual Automobile Insurance Company may have heretofore or hereafter expended in defense of the civil action referred to in paragraph 8, above, or any similar action by the said Anthony F. Byrnes against John Francis Ryck, and The Employers' Fire Insurance Company has no obligation to pay or reimburse State Farm Mutual Automobile Insurance Company all or any part of any sum which State Farm Mutual Automobile Insurance Company may pay in settlement of such Civil Action or in discharge of any or application to any Judgment which may be rendered against John Francis Ryck therein.

"3. State Farm Mutual Insurance Company is obligated under the terms of its policy to defend John Francis Ryck in the Civil Action commenced against him in the Superior Court of Mecklenburg County by Anthony F. Byrnes referred to above, and to pay to the extent of its policy limit any Judgment which may be rendered against the said Ryck in that action; provided, however, that this Judgment shall not be deemed to preclude or bar any defense arising out of matters or conduct occurring subsequent to this Judgment under the terms of the policy of the State Farm Mutual Automobile Insurance Company and the law of the State of North Carolina."

The plaintiff and defendant Ryck excepted to the judgment and appealed.

*John H. Small; Deal, Hutchins & Minor, By Roy L. Deal, for plaintiff, appellant.*

*Francis O. Clarkson, Jr., for defendant John Francis Ryck, appellant.*

*Carpenter, Webb & Golding, By William B. Webb, for defendant The Employers' Fire Insurance Company, appellee.*

HIGGINS, J. The plaintiff admits its policy covers Ryck's liability for the accident which occurred while Ryck was operating the 1959 Nash with the consent of its owner, Foppe, Inc. It contends, however, its coverage is excess insurance and the defendant Employers' garage policy provides the primary coverage which should be exhausted before claim is asserted against the plaintiff. The plaintiff further contends (1) that Ryck, while driving Foppe's Nash with Foppe's consent, was "an additional insured" under the garage policy and hence within its coverage; (2) that the exclusion clauses in the garage policy remove from the coverage only the employees of Ryck and those to whom Ryck pays workmen's compensation; (3) under the severability

of interests clause in the garage policy, Ryck is afforded separate, complete coverage for injury except to his own employees.

On the other hand, Employers' insists its garage policy does not cover Ryck's liability to Foppe's employee, Anthony F. Byrnes, who at the time of the injury was Foppe's employee, acting within the scope of his employment. In addition, Foppe and his industrial insurance carrier paid workmen's compensation to Byrnes for the injury. Hence, Foppe and Employers' contend the garage policy specifically and in plain terms excludes Foppe's employees (of whom Byrnes is one) from all coverage under the policy.

The controversy presents to this Court for the first time the legal question whether the exclusion clauses in Employers' garage policy refer to and exclude from coverage Ryck's employees or Foppe's employees. On this question appellate courts in other jurisdictions are in disagreement. The contentions pro and con, with supporting authorities, are reviewed in the well-written opinion of *Judge Weick* in *Kelly v. State Automobile Insurance Association,* decided on April 13, 1961, by the Court of Appeals for the Sixth Circuit and reported in 288 Fed. 2d 734. Also, many cases dealing with the question are cited and analyzed in 50 A.L.R. 78, *et seq.* The decisions cited by the plaintiff hold the term "insured" as used in insurance policies means the named insured and any additional insured included in the coverage. However, a substantial number of the decisions go one step further and hold the term "employee of the insured" means the employee of the insured who invokes the protection of the coverage, and unless the injured is the employee of the person who causes the injury the exclusionary clause does not prevent recovery against the insured and the insurer. Some of the cases supporting this view are: *Pullen v. Employers' Assurance Corp.,* 230 La. 867, 89 So. 2d 373; *Motor Vehicle Casualty Co. v. Smith,* 247 Minn. 151, 76 N.W. 2d 486; *Cimarron Ins. Co. v. Travelers Ins. Co.* (Ore) 355 P. 2d 742; *Kaifer v. Georgia Casualty Co.,* 67 Fed. 2d 309 (9th Ct.); *Sandstrom v. Clausen's Estate,* 258 Wis. 534, 46 N.W. 2d 317. In considering the Wisconsin cases it should be noted the state statute requires the inclusion of a clause extending protection to all persons (with certain exceptions) who operate an insured's vehicle with the owner's consent.

When Employers' and Foppe entered into the garage insurance contract we are certain the employees they intended to exclude were Foppe's employees. Without support is the argument that some other employees and not Foppe's were within the contemplation of the parties when they made the contract. We are certain that not within the contemplation of the parties were the employees of Ryck who was under the wheel of Foppe's vehicle for a few minutes and by his care-

lessness injured one of Foppe's employees who at the moment of injury was about his employer's business. To arrive at the conclusion Ryck's employees and not Foppe's are excluded requires complicated, circuitous and involved reasoning.

The Supreme Court of South Dakota, in *Birrenkott v. McManamy*, 65 S.D. 581, 276 N.W. 725, succinctly states the defendant's side of the controversy: "Appellant contends on this appeal the exemption clause relating to employees of the insured should be limited to the employees of the person for whom the policy is invoked. The court cannot agree with the contention of appellant. Such an interpretation of the exclusion clause would mean that the policy affords greater protection to one who obtains consent of the owner to use his vehicle than it affords to the insured himself."

In the case of *Lumbermen's Mutual Casualty Co. v. Stukes*, 164 Fed. 2d 571, *Judge Parker* stated the rule: ". . . but this clause (excluding employees) used in the policy shows clear intent that coverage should be extended only to liability to the public and that there should be no coverage in case of employees of the insured." To like effect is *Webb v. American Fire & Casualty Co.*, 148 Fla. 714, 5 So. 2d 252; *Travelers Ins. Co. v. Ohio Farmers Indemnity Co.*, 262 Fed. 2d 132; *Standard Oil Co. of Texas v. Transport Ins. Co.*, 324 S.W. 2d 331; *Pearson v. Johnson*, 215 Minn. 480, 10 N.W. 2d 357; *Associated Indemnity Co. v. Wachsmith*, 2 Wash. 2d 679, 99 P. 2d 420.

In this case Foppe bought an insurance policy to protect it in the operation of its garage business. Its employees, while in the discharge of their duties, were exempt from coverage. These employees had separate coverage under workmen's compensation. The premium paid to Employers' for the coverage furnished in the garage policy was based on the risk involved, expressly excluding the insured's employees. According to plain, direct, and simple reasoning, Byrnes, as one of Foppe's employees, is excluded from the coverage and neither Foppe nor Foppe's insurer is liable.

Judge Patton gave effect to the plain language of the policy by holding Foppe and Employers' are not liable for Byrnes' injury. Notwithstanding the plaintiff's excellent brief, earnest argument, and the recognized rule of construction in favor of the insured and against the insurer, we think the sounder view and the better reasoned cases support the judgment entered in the court below.

Affirmed.