HORTON, Judge.
Plaintiff seeks reversal of a judgment dismissing its complaint for failure to state a cause of action.
For the purpose of clarity and in order to place the parties in proper perspective, we shall go into a brief recitation of the facts giving rise to this law suit.
Fuller, the employee of Bee Line Haulers, was injured while unloading Bee Line’s truck at Florida Wire’s premises. Assisting in the unloading was Kuchinsky, an employee of Florida Wire. Fuller brought an action for his injuries against Florida Wire under the doctrine of respondeat superior, alleging the negligence of Kuchinsky. Fuller’s action was ultimately settled by Liberty Mutual, the liability carrier for Florida Wire. During the course of that law suit, Liberty Mutual made demand on Imperial, the liability carrier for Bee Line, to defend and indemnify Florida Wire under the theory that Florida Wire was an additional insured under Bee Line’s policy. The demand was refused giving rise to this suit.
The issue before us on this appeal is whether, an automobile liability policy containing both employee exclusion and severa-bility of interests clauses, affords coverage to an additional insured for personal injuries to an employee of the named insured.[1]
*690 In cases construing pre-1955 liability insurance policies containing an em-ployee exclusion clause, the courts have '.been in irreconcilable conflict on the question of whether coverage was afforded to .an additional insured with respect to claims -for personal injuries asserted against such ■insured by an employee of the named insured. See 50 A.L.R.2d 99, and subsequent ■supplements thereto. The Florida Supreme ■Court was called upon to answer a similar ■question in Webb v. American Fire & Casualty Company, 148 Fla. 714, 5 So.2d 252. In that case the court held that an employee .exclusion clause applies not only to the mamed insured but also to an additional insured with regard to injury to his employee. 'Since 1955 and the adoption of the severa-bility of interest clause, there has been no resolution to the divergence of views in the various jurisdictions regarding this issue. 50 A.L.R.2d 78, et seq. However, we align .ourselves with what we feel is the better reasoned position stated in Transport Insurance Company v. Standard Oil Company of Texas, 161 Tex. 93, 337 S.W.2d 284. In that case the Supreme Court of Texas said:
“The addition of the ‘severability of {interests’ clause does not indicate that the drafters of the policy form by the addition of such clause intended that the word ‘insured’ means only the person claiming coverage.” [Emphasis in original opinion]
"The court went on to say that to hold otherwise would require additional wording in -the exclusionary clause after the word insured, these words being “the insured who is asking for a defense” or “the insured .against whom claim is made.”
In Standard Surety and Casualty Company v. Maryland Casualty Company, 281 App.Div. 446, 119 N.Y.S.2d 795, app. den. .281 App.Div. 1069, 121 N.Y.S.2d 767, rehearing den. 281 App.Div. 1075, 122 N.Y.S.2d 415, the court said that in an automobile liability policy, the exclusion of coverage for bodily injury to an employee of the insured while engaged in the business of the insured is intended to exclude a risk and not a class of persons so that the insurer is not required to indemnify for injuries to the insured’s employee, a third party who admittedly was an additional insured within the omnibus clause where such party’s employee injured the named insured’s employee.
In construing the provisions of the policy before this court, we must, within legal bounds, ascertain and give effect to the intentions of the contracting parties. As was succinctly stated in American Fidelity & Casualty Company v. St. Paul-Mercury Indemnity Company, 5 Cir., 248 F.2d 509:
“[A] business assured * * * has two primary fields of exposure: (1) to employees; and (2) to third parties, members of the public and persons not in the status of employees. The two present different hazards of frequency and severity and traditionally are underwritten separately. The first group is cared for by Employers Liability insurance which, includes * * * workmen’s compensation coverage. This insurance is carefully limited to persons in the status of employees and excludes all others. The second group is cared for by Public Liability coverage * * *. These invariably exclude employees of the assured and, to eliminate any doubts, exclude liabilities imposed under workmen’s compensation acts. The obvious result is that the prudent business man obtains two types of insurance and, of course, pays two premiums.”
Applying these principles to the case at bar, we conclude that it was the intention of the contracting parties to exclude from coverage employees of the named insured; that this exclusion applies as against the named insured as well as others seeking protection as additional insureds; that the severability of interests clause does not *691 modify the employee exclusion clause so as to extend coverage to an otherwise excluded employee.
Accordingly, the judgment appealed from is affirmed.

. “III. Definition of Insured.
“(a) With respect to the insurance for bodily injury liability ⅜ ⅜ * the unqualified word ‘insured’ includes the named insured and ⅜ s ⅜ any person while using the automobile * * ⅞ with permission.
ii ⅜ * *
Exclusions. This policy does not apply “(d) under coverage A to bodily injury to ⅜ ⅜ ⅜ any employee of the insured arising out of and in the course of * * * employment by the insured.
“(e) under coverage A to any obligation for which the insured or any carrier as the insurer may be held liable under * * * workmen’s compensation * * ⅝.”
ii» * *
“Conditions. (6) Severability of interests. The term ‘the insured’ is used severally and not collectively, but the inclusion herein of more than one insured shall not operate to increase the limits of the company’s liability.”