John B. KLINE, Respondent,

v.

The HANOVER INSURANCE COMPANY, Appellant,

and

DAHLEN TRANSPORT, INC., Respondent,

v.

John B. KLINE, et al., Respondents,

H & R BLOCK, INC., Defendant,

and

Roger P. Rauchman, et al., Respondents,

v.

John B. KLINE, et al., Respondents,

H & R Block, Inc., Defendant.

No. C5–84–2061.

Court of Appeals of Minnesota.

May 28, 1985.

Gary L. Monahan, LeSueur, Gerald L. Maschka, Mankato, for John B. Kline, et al.

Charles E. Spevacek, Minneapolis, for The Hanover Ins. Co.

Scott B. Lundquist, Minneapolis, for Dahlen Transport, Inc.

C. Allan Dosland, New Ulm, for H & R Block, Inc.

John E. Simmonds, Mankato, for Roger P. Rauchman, et al.

Heard, considered and decided by NIER-ENGARTEN, P.J., and FOLEY and LES-LIE, JJ.

## OPINION

NIERENGARTEN, Judge.

The trial court held that an insurance policy issued to H & R Block, Inc. covers a car owned by respondents John B. Kline and Betty Kline. The trial court also granted Kline's "supplemental relief" motion for attorneys' fees and expenses. We affirm.

## FACTS

On February 6, 1980, John Kline ran a stop sign with his 1973 Dodge and collided with a vehicle owned by respondent Dahlen Transport, Inc. and driven by respondent Roger Rauchman. The Dodge was registered under the name of Betty Kline and was purchased through the Klines' joint checking account.

At the time of the accident, Kline, by virtue of ownership of two H & R Block satellite franchises, was a named insured under an automobile insurance policy issued to H & R Block by The Hanover Insurance Company.

Form A–125 of the policy covers "owned automobiles" which is defined as an automobile owned by the named insured *and* described in the schedule.

The schedule does not describe *any* car, but, instead, refers to Form A–389, the employer's non-ownership liability endorsement. This endorsement states that the "insurance regarding owned automobiles applies with respect to non-owned automobiles," subject to certain conditions.

Dahlen and Rauchman sued Kline, their damages exceeding the liability coverage of

Kline's primary car insurance policy. Kline then sought coverage under the H & R Block policy. Hanover contended the policy did not cover Kline since his car was not "described" in Schedule A–125.

The trial court declared the policy covered Kline's car, and granted Kline's post-judgment motion for "supplemental relief" for $3,200 in attorney's fees and expenses, plus future fees and expenses incurred.

### ISSUES

1. Did the trial court err in finding coverage under the H & R Block policy?

2. Did the trial court err in granting Kline's motion for attorneys' fees under Minn.Stat. § 555.08 (1982)?

### ANALYSIS

#### I

Hanover's sole argument is that Kline is not covered since his car was not described in schedule A–125. The problem with this argument is that there are no automobiles described in the entire policy. There are only general, non-specific references to what was scheduled, evidently a product of Hanover's underwriting practices. Form A–125, however, *does* provide coverage for "owned automobiles," and Kline admittedly was an insured driving an auto owned by him. Thus, the coverage language of A–125 is obviously ambiguous, and there is no need to proceed to analyze Form A–389.

An insurance policy must be given a meaning in accordance with the obvious purpose of the insurance contract as a whole. *Motor Vehicle Casualty Co. v. Smith*, 247 Minn. 151, 157, 76 N.W.2d 486, 491 (1956). Any ambiguity in an insurance policy is to be construed in favor of the insured. *Maher v. All Nation Insurance Co.*, 340 N.W.2d 675, 679 (Minn.Ct.App. 1983), *pet. for rev. denied*, (Minn. April 25, 1984). The trial court properly ruled in favor of Kline since this policy is ambiguous.

#### II

Following the declaratory judgment, Kline made a successful motion for attorneys' fees under Minn.Stat. § 555.08 (1982). Hanover contends that Kline should have argued the merits of this claim during trial in order for declaratory judgment to have included that relief. Section 555.08 provides:

> Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application therefor shall be by petition to a court having jurisdiction to grant the relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by the declaratory judgment or decree, to show cause why further relief should not be granted forthwith.

*Id.*

Attorneys' fees are properly allowed in declaratory judgments determining insurance coverage because "an insurance contract is intended to relieve the insured of the financial burden of litigation" and because the declaratory judgment costs are considered "consequential damages." *Lanoue v. Fireman's Fund American Insurance Companies*, 278 N.W.2d 49, 55 (Minn.1979); *accord, Brown v. State Automobile & Casualty Underwriters*, 293 N.W.2d 822, 826 (Minn.1980).

Seeking relief pursuant to section 555.08 was proper. The statute provides for "[f]urther relief *based* on a declaratory judgment," not further relief *in* a declaratory judgment. *See* Minn.Stat. § 555.08 (1982) (emphasis added).

### DECISION

The trial court properly ruled in favor of the insured since the insurance policy was ambiguous.

The trial court properly granted respondent's motion for attorney fees under section 555.08.

Affirmed.