**REINSURANCE ASSOCIATION OF MINNESOTA, Appellant,**

v.

**Kenneth W. SCHUMACHER, Edward J. Tentis, Respondents.**

No. CX-87-1809.

Court of Appeals of Minnesota.

March 1, 1988.

John P. Parrington, Steven D. Ostlie, Minneapolis, for appellant.

Robert R. Dunlap, Rochester, David A. Stofferahn, Minneapolis, for respondents.

Heard, considered and decided by FORSBERG, P.J., and NIERENGARTEN and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellant Reinsurance Association of Minnesota ("RAM") brought a declaratory judgment action seeking a determination that respondent/employee Edward Tentis was not insured for workers' compensation under the RAM policy held by respondent/employer Kenneth Schumacher. The trial court denied RAM's motion, ruling as a matter of law that RAM was required to indemnify Schumacher for all benefits due Tentis under the Workers' Compensation Act. RAM appeals and we affirm.

## FACTS

Edward Tentis was employed as a herds-

man at a farm owned by Schumacher.[1] Tentis began working full-time for Schumacher in July 1981, when he was paid $1400 per month for milking, tending, and feeding Schumacher's 125 cows, among other duties. In June 1982, Tentis asked Schumacher for a pay raise. In lieu of the pay raise, the parties agreed that Tentis would take an eight percent share of each month's gross revenues generated by milk production at the farm. Schumacher stated in deposition that Tentis agreed to pay all social security taxes and procure his own workers' compensation insurance at that time.

On January 6, 1986, Tentis injured his lower back attempting to lift a calf while working on Schumacher's farm. In July 1986, he filed a claim petition seeking temporary total compensation benefits from the date of injury to the present. RAM declined coverage, claiming its policy did not cover Tentis because no premiums were paid on his behalf.

Schumacher was insured for workers' compensation with RAM through policies purchased from Greenwood Agency, an independent insurance group in Plainview, Minnesota. The two relevant policies covered the period from May 31, 1984 to May 31, 1985 and May 31, 1985 to May 31, 1986. These policies included the following language:

I. Coverage A—Workmen's Compensation: To pay promptly when due all compensation and other benefits required of the insured by the workmen's compensation law.

There are no exclusions to coverage that specifically deal with the situation where no premium was paid on the employee's wages.

The premiums of the workers' compensation policies purchased by Schumacher were calculated upon the estimated payroll figures supplied by Schumacher to his agent at the start of each new coverage period. At the completion of each coverage period, an audit was conducted by an independent party to determine the actual payroll figures. The difference, if any, between the estimated and actual payroll figures was reflected by a premium adjustment assessed to Schumacher. In 1985 and 1986, the audits failed to list Edward Tentis among the list of Schumacher's employees.

After RAM declined coverage for Tentis' injuries, they sought a declaratory judgment action seeking a determination that he was not insured for worker's compensation under the policy held by Schumacher. The trial court ruled as a matter of law that RAM was required to indemnify Schumacher for all benefits due Tentis under the Worker's Compensation Act.[2]

## ISSUE

Does an employer's workers' compensation insurance policy afford coverage where the employer had not identified a worker as an employee and had not specifically paid premiums on his wages?

## ANALYSIS

■ The trial court granted respondent Schumacher's motion, ruling that RAM is required to pay all workers' compensation and other benefits required of Schumacher by the workers' compensation law. The court reasoned in its memorandum that even though it was undisputed that the premium collected by RAM did not include the earnings of Tentis, the insurance policy held by Schumacher required RAM "to pay promptly when due all compensation and other benefits required of the insured by the workmen's compensation law." Because the workers' compensation insurer is liable to the extent of the insured's liability, the court concluded that if Schumacher is

1. Tentis claims a special interest in the case because of the concern for delay and expense surrounding the insurer's declaratory judgment action, adding a burden to other efforts in obtaining speedy relief through the workers' compensation system.

2. There is a pending workers' compensation proceeding to determine whether Tentis is due benefits at all. The parties do not anticipate that a decision in that case will occur before this decision is issued.

liable, RAM must pay the benefits. The language of the policy requires this result.

"Where the intent of the parties may be gained wholly from the writing, the construction of the contract is for the court." *In re Turners Crossroad Development Co.*, 277 N.W.2d 364, 369 (Minn.1979); *see* Minn.R.Civ.P. 56 (summary judgment is proper when there is no genuine issue as to any material fact).

RAM concedes that there is no verbal ambiguity in the insurance contract. Citing *Kohlmier*, RAM argues that "an ambiguity may arise even though the language of contract is clear and ostensibly unambiguous when it does not reflect the intent of the parties." *See G.C. Kohlmier, Inc. v. Mollenhauer*, 273 Minn. 126, 130–31, 140 N.W.2d 47, 50 (1966), *overruled by Utica Mutual Insurance Co. v. Emmco Insurance Co.*, 309 Minn. 21, 243 N.W.2d 134 (Minn.1976).

RAM argues that Tentis and Schumacher did not intend to cover Tentis for workers' compensation insurance. Respondents admit the oral agreement that Tentis would take care of his own insurance. Schumacher intentionally paid no premiums on behalf of Tentis, and the premiums were based upon payroll information submitted by him which purposely excluded Tentis.

The trial court correctly awarded summary judgment because the language of RAM's insurance policy is clear and does not create any ambiguity as to the coverage it extends. *See Kuhlmann v. Educational Publishers, Inc.*, 245 Minn. 171, 176, 71 N.W.2d 889, 893 (1955) (speculation as to hidden and unexpressed intentions of the parties to a contract cannot alter the unequivocal language of the contract).

In addition, Minnesota law indicates that an insurer's liability under the workers' compensation statute is co-extensive with that of the employer. *See Yoselowitz v. Peoples Bakery, Inc.*, 201 Minn. 600, 604, 277 N.W. 221, 224 (1938). Also, policy considerations for employees and the public require that workers' compensation cases be promptly handled and not unduly delayed through these separate actions by insurers.

The policy clause clearly obligates the appellant to pay *all* compensation and other benefits required pursuant to workers' compensation law. It is irrelevant that Tentis and Schumacher had an agreement, because the policy language does not limit its obligation to only those employees for which premiums have specifically been paid. The insurer has assumed responsibility to verify the correct payment of premiums and to take the risk of later collections of premiums.

## DECISION

The trial court correctly found that RAM is required to indemnify Schumacher for all benefits due respondent Tentis.

Affirmed.