THOMAS FUCHS, BY VALERIAN FUCHS, HIS GUARDIAN AD LITEM, AND ANOTHER v. PAT CHEELEY, SPECIAL ADMINISTRATOR OF ESTATE OF ROGER PHILIPPI.
AMERICAN FAMILY MUTUAL INSURANCE COMPANY OF MADISON, WISCONSIN, GARNISHEE.

173 N. W. (2d) 358.

December 19, 1969—No. 41824.

*Willenbring & Lickteig* and *J. J. Willenbring,* for appellant plaintiffs.

*Rufer, Blatti, Hefte, Pemberton & Schulze* and *Robert O. Blatti,* for appellant defendant.

*Peterson, Bell & Converse* and *Willard L. Converse,* for respondent.

Heard before Knutson, C. J., and Nelson, Sheran, Peterson, and Frank T. Gallagher, JJ.

NELSON, JUSTICE.

Appeal by plaintiff Valerian Fuchs, individually and as guardian ad litem of Thomas Fuchs, and by defendant Pat Cheeley, special administrator of the estate of Roger Philippi, from a summary judgment dated November 7, 1968, dismissing with prejudice plaintiffs' cause of action alleged in supplemental complaints against American Family Mutual Insurance Company of Madison, Wisconsin, garnishee-respondent, and awarding the garnishee recovery of its taxable costs and disbursements.

The appeal herein arose out of an automobile accident which occurred on January 24, 1966, on a public highway in the village of Watkins, Minnesota. At the time of the accident Roger Philippi was driving a 1961 Chevrolet station wagon with the consent of its owner, plaintiff Valerian Fuchs. Thomas Fuchs, who was a member of Valerian's family and resided in the same household, was a passenger. Both Philippi and Thomas were injured, and Philippi later died from his injuries. In an action brought against his estate to recover damages resulting from Thomas' injuries, the jury returned a verdict against defendant Cheeley as special administrator of Philippi's estate, and judgment was entered thereon in the sum of $6,572.67. A garnishment summons was thereafter served on the garnishee. The garnishee denied any indebtedness owing to defendant, disclosed that it was the insurer under a policy of automobile liability insurance issued to plaintiff Valerian Fuchs as named insured, and denied any liability to plaintiffs under the policy because of exclusions set forth therein.

Plaintiffs filed supplemental complaints, and answers were interposed. The garnishee's subsequent motion for summary

judgment was granted and judgment was entered dismissing with prejudice the cause of action alleged by plaintiffs in the supplemental complaints.

The insurance coverage afforded in the policy issued by the garnishee provides a normal coverage under the standard automobile insurance policy, including an omnibus-insured clause, a family- or household-exclusion clause, and a severability-of-interests clause. The court below found that the garnishee, by reason of the exclusionary language in the policy, is not obligated to pay the judgment. Part I of the policy defines "insured" as "a person or organization described under 'Persons Insured.'" On page 2 of Part I, the following language appears:

"PERSONS INSURED

"1. The following are insured under the Liability Coverage:

"a. With respect to an owned automobile,

"(1) the named insured,

"(2) any other person using such automobile with the permission of the named insured, provided his operation or, if not operating, his other actual use thereof is within the scope of such permission,

"(3) any other person or organization Legally Responsible for the operation of the automobile, but only with respect to his or its liability arising from such acts or omissions of an insured under (1) or (2) above as are insured against under this policy."

The policy also provides:

"This policy does not apply:

\* \* \* \* \*

"Under Liability Coverage,

"c. to bodily injury to \* \* \* the insured or any member of the family of the insured residing in the same household as the insured."

The policy also contains a severability-of-interests clause:

"The insurance afforded under the Liability Coverage applies

separately to each insured against whom claim is made or suit is brought, but the inclusion herein of more than one insured shall not operate to increase the limit of the company's liability."

Plaintiffs contend that the particular person seeking coverage should be considered the insured and the household-exclusion clause of the policy should apply to the family of the particular or omnibus insured who is seeking coverage rather than to the family of the named insured. They rely almost exclusively on the severability-of-interests clause. This form of severability-of-interests clause has been in standard automobile liability insurance policies since 1955. Kelly v. State Auto. Ins. Assn. (6 Cir.) 288 F. (2d) 734; Pennsylvania Mfrs. Assn. Ins. Co. v. Aetna Cas. & Surety Ins. Co. 426 Pa. 453, 233 A. (2d) 548. We mention this fact because the decision cited by the garnishee insurance company as controlling, Pearson v. Johnson, 215 Minn. 480, 10 N. W. (2d) 357, was written in 1943.

1. At the outset we must have in mind that an insurance policy, like any other contract, is to be construed so as to give effect to the intention of the parties as it appears from the entire instrument. That is, it should be taken and understood in its plain, ordinary, and popular sense. If, however, there is ambiguity, any reasonable doubt as to its meaning must be resolved in favor of the insured. Tomlyanovich v. Tomlyanovich, 239 Minn. 250, 58 N. W. (2d) 855, 50 A. L. R. (2d) 108; Motor Vehicle Cas. Co. v. Smith, 247 Minn. 151, 76 N. W. (2d) 486. The latter rule may not be applicable here because the insured is only a nominal appellant. It is Philippi's insurance company, Iowa National, who desires the shifting of payment from it to American Family, and Philippi not being a party to the contract, his representative is not entitled to have the contract liberally construed as to him. See, G. C. Kohlmier, Inc. v. Mollenhauer, 273 Minn. 126, 134, 140 N. W. (2d) 47, 52.

2. The word "insured" in the household-exclusion clause contained in the policy includes the named insured under the doctrine of Pearson v. Johnson, *supra.* Pearson involved facts

similar to those in the case before us on this appeal. There the wife of the insured was riding as a passenger in the insured's car while it was being driven by a person not a member of the insured's household. Following an accident in which the wife was injured, the insured brought actions against the driver and obtained verdicts against him. However, in Pearson the plaintiffs garnished both the plaintiff-husband's insurance company (State Farm) and the driver's insurance company (Western Casualty), whereas here, for some reason, plaintiffs have not garnished Iowa National Insurance Company, the insurer for the driver of Fuchs' automobile.

In Pearson, Western Casualty made the same argument that appellants make here—that the household exclusion did not apply because the word "insured" in that exclusion referred to Johnson, the driver, not to the plaintiff husband, the named insured. In answer to that argument, this court said (215 Minn. 483, 10 N. W. [2d] 358):

"* * * Certainly the language used in the policy cannot be given such a strained and limited meaning. The word 'insured' is defined by the policy itself to include for the purposes named at all times the named insured. Pearson. That the policy gives it broader application so as to include persons driving with the named insured's consent cannot be said to wipe out the exemptions expressly incorporated into the policy to prevent the insured, that is, the named insured and his family from recovering for their own injuries. The policy is essentially a liability and not an accident policy. It is a contract between Pearson and State Farm Mutual Automobile Insurance Company, by the terms of which the latter agrees to protect the former against liability incurred at the suit of anyone outside his own family or household."

The Pearson case has been buttressed by later decisions of this court, namely, Motor Vehicle Cas. Co. v. Smith, 247 Minn. 151, 76 N. W. (2d) 486; G. C. Kohlmier, Inc. v. Mollenhauer, *supra*; LeRoux v. Edmundson, 276 Minn. 120, 148 N. W. (2d) 812; Min-

ners v. State Farm Mutual Auto. Ins. Co. 284 Minn. 343, 170 N. W. (2d) 223. Its rationale has also received extensive approval from other appellate courts. See, Great American Ins. Co. v. State Farm Mutual Auto. Ins. Co. 412 Pa. 538, 194 A. (2d) 903, in which the Pennsylvania Supreme Court relied upon Pearson in denying coverage to the additional insured-driver; Patton v. Patton, 413 Pa. 566, 198 A. (2d) 578, wherein facts identical to those in Pearson were involved.

In Johnson v. State Farm Mutual Auto. Ins. Co. (8 Cir.) 252 F. (2d) 158, the insured's daughter was a passenger in his automobile, which was being driven by another with the insured's consent. The court, applying Missouri law, held that Missouri had adopted Pearson v. Johnson, *supra*, and quoted at length from it. See, also, Gabel v. Bird (Mo.) 422 S. W. (2d) 341.

It thus is clear under the foregoing cases that no matter under which insured recovery is sought, recovery by co-resident members of a named insured's family is excluded from policy coverage under the household-exclusion clause.[1]

3. Appellants claim that the severability-of-interests clause in the definition of "insured" carries over to the exclusions, making "insured" in the household-exclusion clause applicable only to the insured against whom the action was brought. It is upon this basis that they attempt to distinguish Pearson.

Those jurisdictions which have approved Pearson v. Johnson, *supra*, continue to follow the Pearson doctrine in cases involving policies having a severability-of-interests clause wherever the question has arisen. See, Pennsylvania Mfrs. Assn. Ins. Co.

---

[1] L. 1969, c. 474, § 1, invalidates household-exclusion provisions in policies issued or renewed after July 1, 1969, in the following language: "No policy of automobile liability insurance * * * shall contain an exclusion of liability for damages for bodily injury solely because the injured person is a resident or member of an insured's household or related to the insured by blood or marriage."

We held in the recent case of Minners v. State Farm Mutual Auto. Ins. Co. 284 Minn. 343, 170 N. W. (2d) 223, that the exclusion does apply to policies issued prior to July 1, 1969.

v. Aetna Cas. & Surety Ins. Co. 426 Pa. 453, 233 A. (2d) 548, where a truckdriver was injured by an employee of a consignee during unloading operations. There the claim was that the automobile insurer must provide coverage to the omnibus insured against the action of the named insured's employee because the word "insured" in the employee-exclusion clause cannot include the insured where he is not being sued. The court rejected this argument, stating (426 Pa. 457, 233 A. [2d] 551):

"Neither the court below nor this court is reading the Severability of Interests clause out of the policy. What we are doing is interpreting the unambiguous language of the contract. That is one more reason why the interpretation of the insurance industry spokesmen does not sway us."

The court went on to say that Great American Ins. Co. v. State Farm Mutual Auto. Ins. Co. *supra,* and Patton v. Patton, *supra,* were in point, and again quoted the Pearson case.

The crucial factor in all cases is the unambiguous language of the policy in including in the definition of "insured" the named insured.

In Tickner v. Union Ins. Co. (Mo. App.) 425 S. W. (2d) 483, nearly the same facts were presented as in Pearson. The policy there was issued to a husband and wife. The wife was a passenger in their automobile, which was being driven by plaintiff, a stranger to the household. The car overturned, killing the wife, and the husband-insured sued the plaintiff-driver for wrongful death. The plaintiff brought a declaratory judgment action against the insurer to determine whether she had coverage as an omnibus insured under the policy, which contained the household-exclusion and severability-of-interests clauses. After noting the divergent views of the courts, the court held that there was no coverage, citing Gabel v. Bird, *supra,* and Pearson v. Johnson, *supra.*

There is a conflict of authority with respect to the similar employee-exclusion clause, discussed by Risjord and Austin in *Who*

*Is the "Insured"?*, 24 U. of Kansas City L. Rev. 65, and *"Who Is 'The Insured' " Revisited,* 28 Ins. Counsel J. 100.

The Court of Appeals for the Sixth Circuit held that an automobile liability policy containing an employee-exclusion clause did not afford coverage to an additional insured in two cases involving claims by the named insured's employee for injuries allegedly caused by the negligence of employees of the additional insured. In one case the policy contained the severability clause; in the other, it did not. See, Travelers Ins. Co. v. Ohio Farmers Ind. Co. (6 Cir.) 262 F. (2d) 132; Kelly v. State Auto. Ins. Assn. (6 Cir.) 288 F. (2d) 734. Other recent decisions holding specifically that an automobile policy containing the severability clause does not provide coverage for injury to the named insured's employee in the typical unloading situation are Hartford Acc. & Ind. Co. v. Continental Cas. Co. (6 Cir.) 384 F. (2d) 37, and Ohio Cas. Ins. Co. v. United States Fidelity & Guaranty Co. 79 Ill. App. (2d) 457, 223 N. E. (2d) 851.

In the instant case, the meaning of the severability clause in the definition of "insured" appears clear. The omnibus insured is entitled to the protection of the policy, just as is the named insured. However, the severability clause cannot result in taking exclusions out of the policy. The two concepts of omnibus insured and household exclusion are exlcusive and not in conflict.

4. It is clear that this court is among the majority in declining to depart from the reasoning in Pearson v. Johnson, *supra.* See, G. C. Kohlmier, Inc. v. Mollenhauer, 273 Minn. 126, 133, 140 N. W. (2d) 47, 51, in which we quoted from a New York case, Standard Surety & Cas. Co. v. Maryland Cas. Co. 281 App. Div. 446, 450, 119 N. Y. S. (2d) 795, 799, which concisely and correctly separated that part of the policy pertaining to exclusions from that defining the insured:

"* * * The exclusion clause is concerned with the hazards to which the policy did not apply and it should be interpreted in terms of the injuries to be excluded, not in terms of the persons

who are to be indemnified. This latter consideration is the concern of policy clause entitled 'Definition of "Insured." ' "

The severability-of-interests clause was not involved in the Kohlmier decision. This, however, would make no difference to the author Risjord, whom appellants have cited and relied upon, as he has consistently maintained that the contract clearly granted coverage to the omnibus insured regardless of the exclusion provision before the severability-of-interests clause was added.

Appellants cite no case authority in support of their view that an appellate court should overrule prior decisional law because of a severability-of-interests clause. They do make reference to a dictum in Minneapolis, St. P. & S. S. M. R. Co. v. St. Paul Mercury-Ind. Co. 268 Minn. 390, 398, 129 N. W. (2d) 777, 783, where we commented in a footnote that Pearson might have been decided differently if a severability clause had been present. That decision, however, was written in 1964. The decisions handed down since 1964 clearly indicate the view that where an exclusionary clause refers to the word "insured" it includes the named insured, regardless of a severability clause.

Garnishee-respondent contends that the clear language of this exclusion should not be circumvented merely because it is arguable that collusion is not so likely to exist in a factual context such as this one. Clearly, the thrust of the cases which have come down since 1955, when the severability clause appeared, has continued to be against appellants' position.

It is our conclusion that the court below reached the correct decision upon the record before us and its decision must be affirmed.

Affirmed.