LIBERTY MUTUAL INSURANCE COMPANY, A CORPORATION, ET AL., APPELLANTS, V. IOWA NATIONAL MUTUAL INSURANCE COMPANY, A CORPORATION, ET AL., APPELLEES.

181 N. W. 2d 247

Filed November 20, 1970. No. 37504.

Tye, Worlock, Tye, Jacobsen & Orr and Gary Loseke, for appellants.

Kenneth H. Elson, Spittler & O'Kief, and John F. McCarthy, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

An employee of a consignor, owner of a truck-trailer, sustained bodily injury in the unloading of the semi-trailer by an employee of the consignee. The consignee asserted that it was an omnibus additional insured under an automobile liability policy that named the consignor as insured and applied to the truck. The policy contained standard "exclusion of employees" and "severability of interests" clauses.

The district court concluded that the consignee, plaintiff Bushman Construction Company, was not an insured under the policy which defendant Iowa National Mutual Insurance Company had issued. The petition of Bushman and its comprehensive general liability insurer, Liberty Mutual Insurance Company, was therefore dismissed. Plaintiffs appeal. The only question is the meaning of the two insurance clauses in Iowa National's policy.

The parties, except defendant Alva C. Adams, stipulated these facts. On July 11, 1961, Jack Varcados, employee of the consignor, defendant Wilson Concrete Company, operated the truck-trailer with a flat bed. The consignment to Bushman was five concrete beams for construction of a bridge. Wire hooks were fastened to both ends of each beam for unloading by a crane and attached boom of Bushman. At the construction site Varcados, standing on the truck after fastening clamps on the crane lift cable to the wire hooks, saw Adams, Bushman's employee, lift the first beam from the semi-trailer to the ground. Varcados asserted (1) upon being

lifted the second beam swung toward him, (2) he started to jump off the trailer when the beam struck him in the back, and (3) he fell to the ground, his knee striking a beam. Adams denied he operated the crane in a manner to cause the beam to strike Varcados.

Varcados sued Bushman for damages, joining Wilson as subrogee under the workmen's compensation law. The petition alleged vicarious liability but no independent negligence of Bushman. After an unsuccessful demand upon Iowa National to defend Bushman, Liberty undertook the defense.

The action was settled by Varcados and Liberty for Bushman. Varcados recovered a consent judgment against Bushman for $23,500 and costs of $161.60. Wilson's subrogation claim of $4,737.71 was settled for $3,500 payable out of the judgment against Bushman. Liberty paid $23,661.60 into court. It also paid expenses and an attorney's fee totaling $2,930. The petition in the present case sought reimbursement of those sums.

Iowa National's policy provided: "INSURING AGREEMENTS. . . . III. Definition of Insured . . . The unqualified word 'insured' includes the named insured and also includes . . . (2) under coverages A and B any person while using an owned automobile . . . and any . . . organization legally responsible for the use thereof. . . . EXCLUSIONS . . . This policy does not apply: . . . (f) under Coverage A, to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation . . . law; (g) under Coverage A . . ., to bodily injury to . . . any employee of the insured arising out of and in the course of his employment by the insured. . . . CONDITIONS . . . 3. Definitions. . . . (f) Purposes of Use. . . . Use of an automobile includes the loading and unloading thereof. . . . 8. Severability of Interests. The term 'the insured' is used severally and not collectively, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability."

National representatives of insurance trade associations consistently interpreted the word "insured" in the employee exclusion clause without the severability of interests clause. In situations like the one in the present case "insured" meant the particular person who claimed coverage. It simply operated to deny coverage of loss to an employee of the claimant. Some courts, however, decided otherwise. In 1955 the national representatives recommended that insurers add the severability of interests clauses to clarify the matter. See, Risjord, "Recent Decisions with Respect to the Omnibus Clause, Loading and Unloading, and the Overlap of Coverages Between the Automobile and General Liability Policies," Neg. & Comp. Law, 108 at 116 (A.B.A., Sec. Ins., 1963); Brown and Risjord, "Loading and Unloading: The Conflict Between Fortuitous Adversaries," 29 Ins. Counsel J. 197 (1962); Comment, 31 Fordham L. Rev. 178 at 198 (1962).

Notwithstanding addition of the severability of interests clause, some courts continued to reject the interpretation intended by the national representatives. See, Kelly v. State Auto. Ins. Assn., 288 F. 2d 734 (6th Cir., 1961); Liberty Mut. Ins. Co. v. Imperial Cas. & Ind. Co., 168 So. 2d 688 (3d Dist., Fla. App., 1964); Nationwide Mut. Ins. Co. v. Peek, 115 Ga. App. 678, 155 S. E. 2d 661 (1967); Transport Ins. Co. v. Standard Oil Co. of Texas, 161 Tex. 93, 337 S. W. 2d 284 (1960).

The representatives' interpretation was adopted in Shelby Mut. Ins. Co. v. Schuitema, 183 So. 2d 571 (4th Dist., Fla. App., 1966) (Smith, C. J.). On review, 193 So. 2d 435 (Fla., 1967), the court said: "The rule of the District Court of Appeal, Third District . . ., collides directly with the decision here reviewed and poses our problem of resolving the conflict. . . . Judge Smith, in his penetrating analysis of the policy and persuasive authorities, has reached the preferable conclusion. The writ is discharged." See, also, Marwell Const., Inc. v.

Underwriters at Lloyds, Lon., 465 P. 2d 298 (Alaska, 1970).

The Supreme Court of Texas reexamined the Transport case in Commercial Standard Ins. Co. v. American Gen. Ins. Co., 455 S. W. 2d 714 (Tex., 1970), saying: "Our decision in Transport . . . failed to give proper emphasis to the 'severability of interests' clause. This fact, accompanied by many subsequent decisions specifically interpreting this clause, lead us to a different result. . . . Transport is overruled."

Where an automobile liability policy issued to a truck owner, also a consignor, contains a severability of interests clause and a clause that excludes application of the policy to employees of insured or to injuries for which insured may be held liable under the workmen's compensation law, the clauses do not exclude injury claims of the truck owner's employee against the consignee and employees of the consignee who are omnibus insureds.

The judgment is reversed and the case remanded for proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.