488 P.2d 206 (1971)
PHOENIX ASSURANCE COMPANY, a corporation, and Oris Albert Colby, Plaintiffs in Error,
v.
HARTFORD INSURANCE COMPANY, Defendant in Error.
No. 71-029, (Supreme Court No. 24278.)
Colorado Court of Appeals, Division I.
June 29, 1971.
Rehearing Denied July 27, 1971.
Certiorari Denied September 20, 1971.
Rector, Kane, Donley & Wills, HayDen W. Kane, Colorado Springs, for plaintiffs in error.
Donald E. La Mora, Colorado Springs, for defendant in error.
Selected for Official Publication.
DUFFORD, Judge.
This case was transferred from the Supreme Court pursuant to statute.
The plaintiffs in error, Phoenix Assurance Company and Oris Albert Colby, brought this action against the defendant in error, Hartford Insurance Company, to determine which insurance company, Hartford or Phoenix, was obligated to defend a wrongful death action brought against Colby and his employer, Weicker Transfer & Storage Company. The trial court granted summary judgment denying liability on the part of Hartford. Phoenix and Colby bring this appeal.
The wrongful death action was brought by the mother and heir of one Jeffery Hughes, an employee of the City of Colorado Springs. Hughes was electrocuted while unloading a City truck, which was insured under a general automobile liability *207 policy of Hartford. The Hartford policy had a provision affording coverage for loading and unloading operations. Colby was assisting the unloading operation with the use of a crane owned by Weicker. The accident occurred when electricity from power lines arced through the crane boom. Weicker was insured by a general liability policy of Phoenix. This policy did not insure Colby. Phoenix brought this action after Hartford refused to defend the wrongful death action.
It was stipulated that the accident occurred during the course of unloading the City truck, and that the omnibus clause of the Hartford policy would afford coverage to Colby unless coverage was excluded under certain exclusionary provisions of that policy. Thus, the sole issue presented here concerns the interpretation and applicability of certain exclusionary provisions contained in the Hartford policy. Specifically, the issue is whether the word "insured" in these exclusionary clauses means only the particular person claiming coverage in this case Colbyor any of the insureds under the policy. The coverages of the Hartford policy are subject to the following exclusions:
"(d) under coverage A, to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of (1) domestic employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the insured;

"(e) under coverage A, to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;" (Emphasis added.)
It is conceded that the City of Colorado Springs, which is the principal insured under the Hartford policy and the employer of Hughes, could be held liable under the workmen's compensation law of this State. Such being the case, if the word "insured" refers to any possible insured under the policy, then these exclusionary provisions are applicable. On the other hand, if "insured" is limited in meaning to that person who seeks protection of the policy in a particular case, the exclusionary clause would have no effect here since Colby, the one seeking protection, is not an employer of Hughes.
Prior to 1955, the majority of cases held, although there was substantial opinion to the contrary, that the word "insured" meant any insured under the policy. See Annot., 50 A.L.R.2d 78 at p. 97. In 1955, to clarify the matter, a severability clause was added to the standard automobile insurance policy. The Hartford policy contains such a clause. It reads as follows:
"Severability of InterestsCoverages A and C: The term `the insured' is used severally and not collectively, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability."
It is now generally recognized that the severability clause was added to limit the word "insured" in the employee exclusionary clause to mean only the particular person claiming coverage. See Liberty Mutual Insurance Co. v. Iowa National Mutual Insurance Co., 186 Neb. 115, 181 N. W.2d 247, and authorities cited therein.
In addition, although there are decisions to the contrary, we find that the betterreasoned cases hold that the severability clause was added to restrict the meaning of the word "insured" to the particular person claiming coverage. Marwell Construction, Inc. v. Underwriters at Lloyd's, London, 465 P.2d 298 (Alaska); Liberty Mutual Insurance Co. v. Iowa National Mutual Insurance Co., supra; Commercial Standard Insurance Co. v. American General Insurance Co., 455 S.W.2d 714 (Tex.); Shelby Mutual Insurance Co. v. Schuitema, 183 So.2d 571 (Dist.Ct.App.Fla.). We find particularly persuasive the following language from the case of Float-Away *208 Door Co. v. Continental Casualty Co., 5 Cir., 372 F.2d 701:
"The better reasoned cases adopt a restrictive interpretation of `the insured' as referring only to the party seeking coverage under the policy. See discussion in Maryland Casualty Co. v. American Fidelity & Cas. Co., E.D.Tenn.1963, 217 F.Supp. 688. The primary objective of such exclusionary clauses is to avoid duplication of coverage with respect to compensation insurance. With that purpose in mind, there seems to be no reason why an insured should not be indemnified against the claim of an employee outside of that insured's employment." (Emphasis added.)
The judgment is reversed, and this cause is remanded for further proceedings not inconsistent with this opinion.
COYTE and ENOCH, JJ., concur.