Mario ZENTI and Samuel Zenti,
Appellees,

v.

The HOME INSURANCE COMPANY,
Appellant.

No. 59746.

Supreme Court of Iowa.

Feb. 22, 1978.

John A. McClintock and Curtis L. Ritland, of Hansen, Wheatcraft & McClintock, Des Moines, for appellant.

Kenneth L. Butters, Jr., of Stewart, Heartney, Brodsky, Thornton & Harvey, Des Moines, for appellees.

Considered by MOORE, C. J., and RAWLINGS, LeGRAND, UHLENHOPP and HARRIS, JJ.

MOORE, Chief Justice.

Defendant-insurer appeals declaratory judgment holding "employee exclusion" in liability policy issued to corporation is inapplicable and thus it is obligated to defend two "executive officers" of the corporation in suit filed against them by a company employee injured during the course of his employment.

The relevant circumstances giving rise to the litigation were incorporated in a stipulation of facts filed with the trial court. In summary, these facts are that on October 22, 1973, William Mark Buttrey, an employee of Venetian Iron Works, Inc., sustained an accidental injury arising out of and during the course of his employment. On the date of the accident, Venetian had in force and effect a workmen's compensation policy issued by the Home Insurance Company. As a result of the accident, Buttrey received workmen's compensation benefits from Venetian through its workmen's compensation policy issued by the Home Insurance Company.

Subsequently Buttrey filed a lawsuit in Polk County District Court against Mario Zenti, Samuel Zenti and LeRoy Brown for damages in the amount of $250,000 alleging their negligence was the proximate cause of the injuries incurred in the October 22 accident. This action is still pending.

On October 22, 1973 Venetian also had in force and effect a liability insurance policy issued by the Home Insurance Company. Both Mario and Samuel Zenti are "executive officers" of the named insured Venetian Iron Works and qualify as insureds under the policy.

Zentis then called upon Home Insurance Company to defend them under the comprehensive liability policy it had issued to Venetian. Home Insurance denied coverage and contended that Buttrey was an employee of the insureds, the Zentis, and thus the "employee exclusion" applied under the policy. Subsequently the Zentis filed the present declaratory judgment action on March 22, 1976 seeking a ruling that Home Insurance was obligated to defend and the exclusion they relied upon to deny coverage was inapplicable.

At trial the stipulated facts were read into the record and some testimony was taken for purposes of establishing LeRoy Brown was an "executive officer" and that the reasonable expectation of the Zentis was their comprehensive liability policy covered all possible liability arising out of the business.

Trial court ruled Brown was not an "executive officer" and thus Home Insurance had no duty to defend him in the Buttrey lawsuit. Brown has not appealed from that determination.

Trial court in its memorandum opinion also ruled that the liability insurance policy issued by Home Insurance Company afforded coverage to the Zentis and that the insurer had a duty to defend and pay any possible judgment recovered within the limits of said policy with respect to Buttrey's suit for damages. This appeal followed. We affirm.

The provisions of the Home Insurance liability policy which are the subject of plaintiffs' declaratory judgment action are the following:

" 'PROVISIONS APPLICABLE TO SECTION II—GENERAL LIABILITY
. . . . Insuring Agreements
" 'I. Coverage E—Bodily Injury Liability:
Coverage F—Property Damage Liability:

" 'This Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

Coverage E—bodily injury, or
Coverage F—property damage
due to an occurrence, and this Company shall have the right and duty to defend any suit against the Insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient; but this Company shall not be obligated to defend any suit after the applicable limit of the Company's liability has been exhausted by payment of judgments or settlements.

" 'III. Definition of "insured": With respect to the insurance under Coverages E and F the unqualified word "insured" includes the Named Insured; provided that (1) if the Named Insured is designated as an individual, the insurance applies only to the conduct of a business of which he is the sole proprietor and (2) the unqualified word "*Insured*" also includes the following: . . .

" '(b) *any executive officer, director or stockholder of the Named Insured while acting within the scope of his duties as such;* . . .

" '*The insurance afforded under Coverages E and F applies separately to each Insured against whom claim is made or suit is brought but the inclusion herein of more than one Insured shall not operate to increase the limit of this Company's liability* . . .

"EXCLUSIONS—

This policy does not apply: . . .

" '(i) *under Coverage E, except with respect to liability assumed by the Insured under an insured contract, to bodily injury to any employee of the Insured arising out of and in the course of his employment by the Insured;*
" '(j) under Coverage E, to any obligation for which the Insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law.' " (Emphasis supplied.)

Home Insurance contends, as it did in the trial court, that the injured employee Buttrey was an "employee of the Insured" within the meaning of exclusion section (i) so that the additional "Insureds" Mario and Samuel Zenti are not entitled to coverage. The Zentis contend the "severability-of-interests" clause requires a finding that the exclusion is to be applied only against the insured for whom workmen's compensation coverage is sought. Because Buttrey was an employee of Venetian Iron Works, Inc., rather than the Zentis at the time of the accident, Zentis argue Home Insurance is obligated to defend them.

As the narrow issue is drawn, this is a case of first impression in Iowa. Thus

we must look for guidance in the decisions of other jurisdictions and leading authorities on the law of insurance. *Stuart v. State ex rel. Jannings,* Iowa, 253 N.W.2d 910, 913; *State v. Jaeger,* Iowa, 249 N.W.2d 688, 690. Of course, whether Home Insurance is obligated to defend in this case ultimately turns on whether the "employee exclusion" effectively limits the coverage provisions of the policy. The insurer, having affirmatively expressed coverage through broad promises, assumes a duty to define any limitation or exclusionary clause in clear and explicit terms. Additionally, the company has the burden to prove the applicability of the policy provision. *State Farm Auto Ins. Co. v. Malcolm,* Iowa, 259 N.W.2d 833, 835 and citations.

◼ In construing "employee exclusion" clauses the issue herein presented has caused great difficulty for the courts. 12 Couch on Insurance 2d, sections 45:579–45:582 (Anderson ed.); Annot., 48 A.L.R.3d 13, "Automobile Insurance-Insured's Employee", sections 28 and 29; Keeton, Basic Text on Insurance Law, section 4.9(c); 7 Am.Jur.2d Automobile Insurance, section 133. This has been true even after the advent of "severability-of-interests" clauses in 1955. As might be expected two positions have developed as to the effect of these clauses on the employee exclusion.

Appellees strongly rely on one group of cases which have held that where a policy of insurance contains a "severability-of-interests" clause such as the one at bar, the "employee exclusion" is limited in application to a situation where the claim for bodily injury is made by an employee of the particular insured against whom the claim is asserted. *United States Fire Insurance Co. v. McCormick,* 286 Ala. 531, 534–536, 243 So.2d 367, 373–375; *Marwell Const., Inc. v. Underwriters at Lloyd's, Lon.,* Alaska, 465 P.2d 298, 304–305; *Emp. Mut. Liab. Ins. v. Farm Bur. Mut. Ins.,* Ark., 549 S.W.2d 267; *Shelby Mutual Ins. Co. v. Schuitema,* Fla.App., 183 So.2d 571, Aff'd, 193 So.2d 435; *Ratner v. Canadian Universal Insurance Company,* 359 Mass. 375, 380–381, 269 N.E.2d 227, 229–230; *Liberty Mu-*

*tual Ins. Co. v. Iowa National Mut. Ins. Co.,* 186 Neb. 115, 181 N.W.2d 247; *Liberty Mut. Ins. Co. v. Home Ins. Indemnity Co.,* N.H., 351 A.2d 891, 894; *Bankers & Shippers Ins. Co. of N. Y. v. Watson,* 216 Va. 807, 224 S.E.2d 312.

The rationale for this position was first expressed in *General Aviation Sup. Co. v. Insurance Co. of No. America,* E.D.Mo., 181 F.Supp. 380, 384 (Aff'd, 8 Cir. 283 F.2d 590) where the court stated:

"The logical theory for the employee exclusion is to prevent employees of the tort feasor from suing his employer for injuries received thru his employer's negligence. A reason for this is that employees are usually covered by workmen's compensation and can recover from the employer, with or without negligence. When negligence is committed by other than his employer, the logic for the exclusion disappears. If the insurer wishes to further exclude its liability, it could clearly so state in its contract and its failure to do so should be strictly construed. Especially is this true when the policy contains a severability clause, for there it can be implied that the insurer is actually recognizing a separate obligation to others, distinct and apart from the obligation it owes to the named insured. For a similar view and discussion see Vol. 24, University of Kansas City Law Review. 'Who is "The Insured" '. pp. 65, 66, 72 (1956)."

Recently the Maryland Court of Appeals in *Pennsylvania National Mut. Cas. Ins. Co. v. Bierman,* 266 Md. 420, 292 A.2d 674, a case nearly identical to the one at bar, thoroughly discussed the advent of severability clauses and concluded an executive vice-president of a construction company was entitled to coverage in a suit brought by an injured iron worker. After concluding the employee exclusion was inapplicable the court stated at 266 Md. at 428, 292 A.2d at 678:

"* * *. Indeed, as we have pointed out, most courts now interpret 'Severability of Interests' clauses as expressing an acknowledgment on the part of insurance

companies that the term 'insured' does not always mean *any* insured who could claim coverage under the policy but only the insured claiming coverage."

Leading authorities on insurance law fully support the construction given the severability clause by the aforementioned jurisdictions. See 1 Long, Law of Liability Insurance, section 6.12, "Severability of Interests", at 6–46–6–52; Risjord and Austin, " 'Who is "The Insured" ' Revisited", 28 Insurance Counsel Journal 100.

Some courts have, however, adopted the converse position as urged by appellant and held the employee exclusion precludes coverage to an additional insured regardless of the inclusion in the policy of a severability clause. *Kelly v. State Automobile Insurance Association,* 6 Cir., 288 F.2d 734; *Hartford Accident & Ind. Co. v. Continental Cas. Co.,* 6 Cir., 384 F.2d 37; *Hanover Ins. Co., Mass. Bond. Dept. v. Travelers Indem. Co.,* 8 Cir., 318 F.2d 306; *St. Paul Fire & Marine Ins. Co. v. Wabash Fire & Cas. Ins. Co.,* D.Minn., 264 F.Supp. 637; *Ohio Cas. Ins. Co. v. United States Fidelity & Guar. Co.,* 79 Ill.App.2d 457, 223 N.E.2d 851. Also see *Travelers Ins. Co. v. American Cas. Co. of Reading, Pa.,* 151 Mont. 198, 441 P.2d 177; *Pennsylvania Mfrs'. Ass'n Ins. Co. v. Aetna C. & S. Ins. Co.,* 426 Pa. 453, 233 A.2d 548. The thrust of these cases is that the language of the policy is clear and a severability clause cannot be used as a basis for taking an exclusion out of the policy.

The threshold case narrowly construing the severability clause is *Kelly v. State Automobile Insurance Association,* supra. There the Sixth Circuit adopted the position earlier espoused by the *Texas Supreme Court in Transport Insurance Co. v. Standard Oil Co. of Texas,* 161 Tex. 93, 337 S.W.2d 284 and held an employee exclusion was applicable to deny coverage to an additional insured under a vehicle liability policy. Although the Sixth Circuit has continued to rotely apply *Kelly,* the viability of that opinion is open to serious question as the Texas Supreme Court has overruled *Transport* in *Commercial Standard Ins. Co. v. American Gen. Ins. Co.,* Tex., 455 S.W.2d

714, on the basis that the earlier case failed to give due emphasis to the severability clause. We note *Hanover Ins. Co., Mass. Bond Dept. v. Travelers Indem. Co.,* supra, was also to a large degree based on the now discredited *Transport* case.

Similarly in 1975 the Illinois Supreme Court retreated from the narrow position adopted in *Ohio Cas. Ins. Co. v. United States Fidelity and Guar. Co.,* supra. In *United States Fidelity & G. Co. v. Globe Indemnity Co.,* 60 Ill.2d 295, 298, 299, 327 N.E.2d 321, 323, the court considered a severability clause nearly identical to the one here considered and stated:

"After due consideration to the language and intent of the policy, we conclude that the severability clause provides each insured with separate coverage, as if each were separately insured with a distinct policy, subject to the liability limits of the policy. The employee exclusion, therefore, does not exclude protection for an additional insured against an injury suffered by an employee of another insured. The exclusionary clause applies only to the situation where an insured is sued by its own employee."

Appellant also argues that the "household exclusion" cases decided in other jurisdictions are support for its position that the severability clause does not negative the clearly worded exclusion in company's liability policy. We disagree for two reasons.

First, as noted by the Kentucky Court of Appeals in *Liberty Mut. Ins. Co. v. State Farm Mut. Auto. Ins. Co.,* Ky.App., 522 S.W.2d 184, the purposes underlying the employee exclusion and the household exclusion are not similar. The household exclusion was clearly meant to prevent "friendly lawsuits" where the plaintiff and the insured defendant are bound by ties of kinship. There can be no dispute that an injured industrial worker's suit against executive officers of a corporation does not fit that characterization.

More importantly, we do not subscribe to the narrow construction of the "severability-of-interests" clause urged in those cases. Appellant places great reliance on a 1969

Minnesota opinion, *Fuchs v. Cheeley,* 285 Minn. 356, 173 N.W.2d 358. However, that case was recently expressly overruled by the Minnesota Supreme Court in *Utica Mut. Ins. Co. v. Emmco Ins. Co.,* Minn., 243 N.W.2d 134. In holding that the severability clause dictated the employee exclusion should be construed only with reference to the particular insured seeking coverage the court explained:

> "A number of courts have explicitly based their holdings that an employee exclusion clause does not apply where the injured person was not an employee of the particular insured seeking protection under the policy in whole or in part upon the fact that the policy contained a severability-of-interests clause. See, Annotation, 48 A.L.R.3d 13, § 29(a). Some courts, including this one, have declined to so interpret the impact of severability clauses on employee exclusion clauses, *Fuchs v. Cheeley,* 285 Minn. 356, 173 N.W.2d 358 (1969); see, also, *St. Paul Fire & Marine Ins. Co. v. Wabash Fire & Cas. Ins. Co.,* 264 F.Supp. 637 (D.Minn. 1967) (Applying Minnesota law). The *Fuchs* decision was based upon the holding in *Kohlmier* [*Kohlmier, Inc. v. Mollenhauer,* 273 Minn. 126, 140 N.W.2d 47 (1966)] so our overruling of the latter herein obviously tolls the death knell for the former case as well. Furthermore, we conclude that the holding in *Fuchs* did not logically follow from *Kohlmier,* where this court expressly noted that the policy being construed contained no severability-of-interests clause, 273 Minn. 128, 140 N.W.2d 48. The implicit suggestion in *Kohlmier* that this court might interpret an employee exclusion clause more narrowly were a severability-of-interests clause also contained in the policy in question had been explicitly made in the *Soo Line* case, 268 Minn. 390, 398, note 6, 129 N.W.2d 777, 783. Because we conclude that these dicta in former cases are consistent with the underwriting intent reflected in the severability clause and discussed in the passage by *Risjord* and *Austin,* supra, we overruled the holding in *Fuchs* that the severability clause

should have no bearing on the interpretation of an employee exclusion clause.

> "In hereby overruling our holding in *Fuchs,* we follow the Supreme Court of Texas, which also reversed one of its prior decisions holding that a severability-of-interests clause did not limit the meaning of 'insured' to the particular insured seeking coverage. The earlier Texas decision, *Transport Ins. Co. v. Standard Oil Co. of Texas,* 161 Tex. 93, 337 S.W.2d 284 (1960), was reexamined and overruled in *Commercial Standard Ins. Co. v. American Gen. Ins. Co.,* Tex., 455 S.W.2d 714, 719, 48 A.L.R.3d 1 (1970). * * *." 243 N.W.2d at 140, 141.

After careful review of the numerous authorities cited herein, we are persuaded that the severability-of-interests clause was inserted into insurance contracts to make clear that the employee exclusion is applicable only when the person claiming coverage as insured is the employer. To reach the conclusion urged by Home Insurance would wholly negate this purpose. This we will not do.

Trial court correctly held the employee exclusion was inapplicable here and thus Home Insurance is obligated to defend Zentis as "executive officers" against a suit for damages brought by Venetian Iron Works' employee, William Buttrey.

AFFIRMED.